**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AKEEM ADEMOLA BALOGUN,<br><br>Petitioner,<br>v.<br><br>ANGELA HOOVER,<br><br>Respondent. | CIVIL ACTION NO. 3:26-CV-02589<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Petitioner, Akeem Ademola Balogun ("Balogun") brings this petition for writ of habeas corpus. (Doc. 1). On September 8, 2026, Balogun filed the instant petition, requesting that Respondent Angela Hoover ("Hoover") release him from custody at the Clinton County Correctional Facility in McElhattan, Pennsylvania.[1] (Doc. 1, at 1). On September 8, 2026, Balogun filed a motion to shorten the briefing schedule.[2] (Doc. 2). On September 17, 2026, Hoover filed a response to Balogun's petition. (Doc. 8). Balogun failed to file a timely traverse. For the following reasons, Balogun's petition (Doc. 1) is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Balogun's petition, Hoover's response, and the exhibits thereto. (Doc. 1; Doc. 8). Balogun is a citizen of Nigeria. (Doc. 8, at 2). On or

---

[1] In his petition, Balogun also requests oral argument. (Doc. 1). The Court finds this request to be inappropriate at this time because his claim for relief is premature. *Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d 449, 453 (M.D. Pa. 2019) (denying a request for oral argument finding that oral argument was "unnecessary to disposition of the instant motion"); *see also Phelan v. Adelphia Commc'ns Corp.*, No. 4:CV-08-0730, 2009 WL 4559456, at *9 (M.D. Pa. Dec. 1, 2009) (denying a request for oral argument because it would not "add to the Court's understanding of the issues").

[2] This motion was rendered moot by the Court's issuance of an Order to Show Cause on September 14, 2026. (Doc. 6).

about January 23, 2020, Balogun entered the United States without inspection at or near John F. Kennedy International Airport in New York. (Doc. 8, at 2). After apprehending Balogun, border patrol agents granted him advanced parole. (Doc. 8, at 2). On or about July 15, 2020, the government issued Balogun a notice to appear, charging him as removable. (Doc. 8, at 2; Doc. 8-2, at 3).

On August 4, 2025, the United States District Court for the Northern District of New York convicted Balogun of conspiracy to commit bank fraud and sentenced him to 21 months in prison. (Doc. 1-3, at 1; Doc. 8, at 2; Doc. 8-1, at 2). Balogun appealed his conviction and sentence which remains pending. (Doc. 8, at 2). On or about July 13, 2026, after Balogun served his sentence, Immigration Customs Enforcement ("ICE") officers took Balogun into custody. (Doc. 1, at 4). On August 27, 2026, Immigration Judge Peter McCary ordered Balogun removed from the United States. (Doc. 8, at 3; *see* Doc. 8-4). Balogun waived his right to appeal, which became final on August 27, 2026. (Doc. 8, at 3). Balogun is currently detained at the Clinton County Correctional Facility. (Doc. 8, at 2). Balogun has been in immigration detention with a final order of removal for approximately two months. (Doc. 8, at 3). In total, Balogun has been in immigration detention for three and a half months. (Doc. 1, at 4).

## II. LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus

and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 400 (D.N.J. 2025) (finding petitioner's continued detention without reasonably imminent removal is unreasonable and ordering release).

## III. JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of

subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil, 164 F.4th at 277-79* (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil,* 164 F.4th at 278-79 (finding that length of confinement claim "does not get channeled into the PFR review process"). Thus, the Court retains jurisdiction over the legal question of whether Balogun's detention after his order of removal became final has become unconstitutionally prolonged and unrelated to the purpose of removal. *Jennings*, 583 U.S. at 294; *Kahlil,* 164 F.4th at 274-79; *Zadvydas*, 533 U.S. at 688.

## IV. DISCUSSION

Balogun contends that his prolonged detention violates his substantive and procedural due process rights under the Fifth Amendment. (Doc. 1-4, at 1). Balogun seeks immediate release to remedy the injury experienced by prolonged detention and, in the alternative, a bond hearing. (Doc. 1-5, at 1). Balogun further alleges that he should be released pursuant to 8 U.S.C. § 1226(a) because an immigration judge deemed him ineligible for a bond hearing even though he lived in the United States prior to his detainment. (Doc. 1-1, at 1; Doc. 1-3, at 1). The government counters that Balogun is properly detained under 8 U.S.C. § 1231 because he was ordered removed on August 27, 2026, and waived his right to appeal the removal order. (Doc. 8, at 3). The government contends that this petition is premature because Balogun's detainment has yet to exceed the ninety day period provided under 8 U.S.C. § 1231 as well as the six-month presumption established in *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001). (Doc. 8, at 5).

Section 1231 of the INA provides for the detention of noncitizens with final orders of removal. 8 U.S.C. § 1231. Pursuant to 8 U.S.C. § 1231, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Noncitizens convicted of certain criminal offenses and noncitizens whom the Attorney General finds to be a risk to the community or unlikely to comply with an order of removal may be detained beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6).

In *Zadvydas,* the Supreme Court found that indefinite detention of a noncitizen with a final order of removal violates the Due Process Clause of the Fifth Amendment, and that detention of a noncitizen with a final order of removal must be limited with a definite endpoint. The Supreme Court determined that to discern whether such post-order of removal detention comports with the Due Process Clause of the Fifth Amendment, habeas courts must

ask whether the detention "exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. The Supreme Court found that detention post-order of removal is presumed reasonable for a period under six months. *Zadvydas*, 533 U.S. at 701. After the presumptively reasonable six-month period runs and the detained noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. As the period of confinement grows, what counts as reasonably foreseeable future conversely shrinks. *Zadvydas*, 533 U.S. at 701. If removal is ultimately not reasonably foreseeable, habeas courts should hold continued detention unreasonable and order release. *Zadvydas*, 533 U.S. at 699-700.

While Balogun alleges that he has been detained without a bond hearing under 8 U.S.C. § 1225(b) and should be released pursuant to 8 U.S.C. § 1226(a), the government has properly detained Balogun under 8 U.S.C. § 1231. (Doc. 8, at 1, 4). Balogun has been detained for approximately two months since an immigration judge issued his final order of removal, making this habeas petition premature. (Doc. 8, at 5). Pursuant to 8 U.S.C. § 1231, immigration officials can detain Balogun for ninety days following the date of the order of removal. Since Balogun's order of removal became final on August 27, 2026, this ninety-day period has yet to expire. Accordingly, Balogun's detention has not exceeded a period reasonably necessary to secure removal. 8 U.S.C. § 1231; *Zadvydas*, 533 U.S. at 701. Further, Balogun fails to demonstrate that the government is unlikely to remove him in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.

## V. CONCLUSION

For the foregoing reasons, Balogun's petition for writ of habeas corpus is **DENIED**. (Doc. 1). Should Balogun's detention exceed the presumptively reasonable period of six months and there is reason to believe that there is no significant likelihood of his removal, Balogun may move to reopen this matter. The Clerk of Court is directed to close this matter.

An appropriate Order follows.

**BY THE COURT:**

**Dated: November 4, 2026**

*/s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**